UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE<br><br>FRANCIS ANTHONY TODOR and<br>DEBORAH RANEE TODOR,<br><br>      Debtors. | Bankruptcy Case<br>No. 11-64859-fra13 |
| CREDIT BUREAU OF JOSEPHINE COUNTY,<br><br>      Plaintiff,<br> vs.<br><br>DEBORAH RANEE TODOR,<br><br>      Defendant. | Adversary Proceeding<br>No. 14-06195-fra<br><br><br><br>MEMORANDUM OPINION |

The parties have agreed that the above-referenced matter may be tried by the Court on stipulated facts.[1] My findings and conclusions follow:

I. FACTS

Defendant Deborah Todor and her husband filed a petition for relief under Chapter 13 of the Bankruptcy Code on September 30, 2011. Accompanying the petition was a set of bankruptcy schedules in

---

[1] After the case was at issue, Defendant Todor filed a motion for summary judgment. The argument on the motion was heard on March 19, 2015. At the hearing the parties, mutually agreeing to resolve the matter as expeditiously and economically as possible, agreed that the Court could determine any disputed facts on the record before it.

Page 1 - MEMORANDUM OPINION

the prescribed form. Schedule F, listing creditors holding unsecured nonpriority claims, disclosed a claim of $212 owed to "Ear, Nose and Throat" of Grants Pass, Oregon. A plan of reorganization was confirmed on November 30, 2011. The plan provides for a dividend to unsecured creditors of approximately 4% of their claims, depending on secured claims at the time of confirmation, the total amount of allowed claims, and the costs of administration. The case remains open, and the plan remains in effect.

At some point thereafter, the Ear, Nose and Throat claim was assigned to Credit Bureau of Josephine County, Inc., the Plaintiff, for collection. On or about June 22, 2012, Plaintiff sent a notice to Defendant referring to the ENT account, and asking "In regards to the above account, is legal action going to be necessary??" On July 25th the Defendant replied in writing, stating that she had filed a bankruptcy petition, that the claim was included in her schedules, and that she was represented by an attorney. Notwithstanding this advice, Plaintiff continued to contact the Debtor with respect to the claim. Finally, on or about October 2, 2014, Plaintiff commenced a small claims proceeding in the Circuit Court for Josephine County, Oregon. Defendant, through counsel, more or less simultaneously demanded that the proceeding be dismissed, and removed it from the Circuit Court to this Court. After the removal was effected, Defendant filed a counterclaim alleging violation of the automatic stay, 11 U.S.C. § 362, and violation of various provisions of the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692 *et seq.*

## II. DISCUSSION

Defendant asserts, and the Plaintiff concedes, that commencement of the small claims proceeding in the Circuit Court, and the communications preceding the filing, were in violation of the automatic stay provided for in 11 U.S.C. § 362. In addition, Plaintiff concedes that communications delivered to the Defendant after the Plaintiff became aware that the Defendant was represented by counsel was prohibited conduct under 15 U.S.C.A. § 1692c(a)(2).

What remains to be determined is the Defendant's third claim, that the form of the small claim, as served on her, constituted a false or misleading representation under 15 U.S.C.A. § 1692e(1) and (9):

// // //

// // //

15 U.S.C.A. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform or facsimile thereof.

. . .

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

The small claim and notice of small claim filed with the Circuit Court and served on the Defendant was included in the record before the Court, and is set out in Appendix A of this Memorandum. The head of the document indicates that the proceeding is "In the Circuit Court of the State of Oregon for Josephine County Small Claims Department." The Plaintiff is named as "Credit Bureau of Josephine County," not as Defendant points out, "Credit Bureau of Josephine County, *Inc.*" The claim sets out the parties' respective addresses, and the assertion that Defendant owes Plaintiff the sum of $275.50 for goods and services provided by Ear, Nose and Throat Associates.

Defendant's declaration states that

Credit Bureau's use of its name on the complaint it sent me was misleading. I was confused about who the complaint was from. I thought it may have come from the court or from the county, and I work as an employee for Josephine County. Only after calling Credit Bureau, I then understood it was a private collection company.

The record is silent respecting other documents received by the Defendant in connection with the small claims proceeding. Small claims are governed by ORS Chapter 46. ORS 46.445 provides that a notice and claim shall be served on the defendant, accompanied by a notice which includes the following:

If you have questions about the small claims court filing procedures after reading this notice, you may contact the clerk of the court; however, the clerk cannot give you legal advice on the claim.

// // //

// // //

Page 3 - MEMORANDUM OPINION

The full text of ORS 46.445 is set out in Appendix B of this Memorandum. As noted, the record is silent as to whether this notice was delivered as Oregon law requires. However, in the absence of evidence to the contrary, the Court must presume that the notice was delivered.

A complaint such as the one described here is a communication for the purposes of the Fair Debt Collection Practices Act. *Donohue v. Quickcollect, Inc.*, 592 F.3d 1027 (9th Cir. 2010). What the Court must determine is (1) whether the complaint fits the description of a communication set out in § 1692c(1) or (9), or (2) whether the "least sophisticated debtor" would likely be misled by the communication.

To begin with, the complaint is genuine. It presents no false representation or implication that the Plaintiff is vouched for or affiliated with any governmental entity, nor does it simulate or falsely represent to be a document authorized, issued or approved by any court. It is not a simulation, but an actual complaint.

The Court of Appeals for the Ninth Circuit has described the applicable standard for determining whether a communication is misleading:

> The "least sophisticated debtor" standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." [internal citation omitted] The standard is "designed to protect consumers of below average sophistication or intelligence," or those who are "uninformed or naive," particularly when those individuals are targeted by debt collectors.

*Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055 (9th Cir. 2011). The *Gonzales* opinion goes on to note that the standard "preserves any quotient of reasonableness and presumes a basic level of understanding and willingness to read with care." It follows that the standard includes not only a willingness to read with care, but a willingness to make a simple inquiry regarding the provenance of the communication, particularly in light of the Circuit Court's advice that defendants with questions could contact the clerk of court.

While greater clarity such as a statement that the Plaintiff is a private collection agency would be useful, I cannot, on balance, find that the least sophisticated consumer, as defined by the law of this Circuit would be misled by the complaint in this case into believing that the claim was being advanced on behalf of, or with the special support of, a governmental agency.

// // //

// // //

Page 4 - MEMORANDUM OPINION

## III. DAMAGES

Defendant makes no claim for damages other than her right to her attorney's fees, and the statutory damages provided for under the Fair Debt Collection Practices Act at 15 U.S.C. § 1692k.

Appropriate damages for violation of the automatic stay are attorney's fees incurred to the extent necessary to remedy the violation. *Sternberg v. Johnson*, 595 F.3d 937 (9th Cir. 2010), *cert. denied* 131 S.Ct. 102. The statutory damages under the FDCPA are any actual damages sustained by the consumer, and "such additional damages as the court may allow, but not exceeding $1,000."

Given all of the facts presented in this case, an appropriate award is the sum of $500, plus Defendant's reasonable attorney's fees. Counsel for the Defendant shall submit an order and his declaration claiming allowable fees, and documenting that claim, within 21 days of the date of this Memorandum. Plaintiff may respond within 21 days after the claim is filed with the Court.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

# IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR JOSEPHINE COUNTY
## SMALL CLAIMS DEPARTMENT

141690 SC

**Credit Bureau of Josephine County**

Plaintiff

(Inmate ID #, if applicable, _____)

v.

**DEBORAH R. TODOR**

Defendant

CASE NUMBER:
ACCOUNT #: 231861

**SMALL CLAIM AND**
NOTICE OF SMALL CLAIM

Filing fee at ORS 46.570

PLAINTIFF (Additional on attached page)

☐ DEFENDANT (Additional on attached page)

Credit Bureau of Josephine County
Name
130 NE Manzanita Ave
Address
Grants Pass, OR 97526
City, State, Zip
541-479-9517
Telephone number

DEBORAH R. TODOR
Name (enter Registered Agent, if necessary, on next page)
903 NW CAROL DR
Address
GRANTS PASS OR 97526
City, State, Zip
_____
Telephone number

☐ Defendant is a public body

I, Plaintiff, claim that on or about *(date)* SEPTEMBER 30, 2014, the above-named defendants owed me the sum of $ 275.50 because FOR GOODS AND SERVICES TO EAR, NOSE & THROAT ASSOCIATES WITH INTEREST AT 9% PER ANNUM STARTING SEPTEMBER 30, 2014.

_____, and this amount is still due.

I have paid (or will pay):

Fees $ 53.00

Costs $ 35.00

Claim $ 275.50
+Fees $ 53.00
+Costs $ 35.00
TOTAL $ 363.50

141690 SC

Case No. _____

APPENDIX A

# 2013 ORS § 46.445[1]
# Notice of claim

- content
- service

(1) Upon the filing of a claim in the small claims department of a circuit court, the clerk shall issue a notice in the form prescribed by the court.

(2) The notice shall be directed to the defendant, naming the defendant, and shall contain a copy of the claim.

(3) The notice and claim shall be served upon the defendant either in the manner provided for the service of summons and complaint in proceedings in the circuit courts or by certified mail, at the option of the plaintiff. If service by certified mail is attempted, the plaintiff shall mail the notice and claim by certified mail addressed to the defendant at the last-known mailing address of the defendant. The envelope shall be marked with the words Deliver to Addressee Only and Return Receipt Requested. The date of delivery appearing on the return receipt shall be prima facie evidence of the date on which the notice and claim was served upon the defendant. If service by certified mail is not successfully accomplished, the notice and claim shall be served in the manner provided for the service of summons and complaint in proceedings in the circuit courts.

(4) The notice shall include a statement in substantially the following form:

---

NOTICE TO DEFENDANT:

READ THESE PAPERS CAREFULLY!!

Within 14 DAYS after receiving this notice you MUST do ONE of the following things:

Pay the claim plus filing fees and service expenses paid by plaintiff OR

Demand a hearing OR

Demand a jury trial

If you fail to do one of the above things within 14 DAYS after receiving this notice, then upon written request from the plaintiff the clerk of the court will enter a judgment against you for the amount claimed plus filing fees and service expenses paid by the plaintiff, plus a prevailing party fee.

If you have questions about the small claims court filing procedures after reading this notice, you may contact the clerk of the court; however, the clerk cannot give you legal advice on the claim.

---

[1971 c.760 §6; 1977 c.875 §4; 1977 c.877 §9a; 1989 c.741 §1; 1991 c.111 §4; 1991 c.195 §2; 1995 c.658 §47; 1997 c.872 §§8,9]

...

§§ 46.405 (Small claims department) to 46.560 (Where action to be commenced and tried)

## Law Review Citations

55 OLR 188-196 (1976)

## Related Statutes[3]

- 30.648
  Small claims actions by inmates against public bodies

- 46.455
  Admission or denial of claim

- 46.461
  Counterclaims

---

[1] Legislative Counsel Committee, *CHAPTER 46—Small Claims Department of Circuit Court*, https://www.oregonlegislature.gov/bills_laws/lawsstatutes/2013ors046.html (2013) (last accessed Apr. 27, 2014).

[2] Legislative Counsel Committee, *Annotations to the Oregon Revised Statutes, Cumulative Supplement - 2013, Chapter 46*, https://www.oregonlegislature.gov/bills_laws/lawsstatutes/2013ano046.html (2013) (last accessed Apr. 27, 2014).

[3] OregonLaws.org assembles these lists by analyzing references between Sections. Each listed item refers back to the current Section in its own text. The result reveals relationships in the code that may

not have otherwise been apparent.

Currency Information

Copyright 2013 by WebLaws.org
www.oregonlaws.org